IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN L. CAVATARO, <br><br> Plaintiff, <br><br> v. <br><br> U.S. OFFICE OF PERSONNEL MANAGEMENT, <br> 1900 E Street, NW <br> Washington, DC 20415-1000, <br><br> Defendant. | Civil Action No. 1:25-cv-1753 |

**COMPLAINT**

This case arises out of the failure of the U.S. Office of Personnel Management ("Defendant" or "OPM") to comply with its statutory obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). In support of his academic research, Professor Benjamin L. Cavataro ("Plaintiff") submitted a FOIA request to OPM, seeking the release of requested records related to the Administrative Law Judge Loan Program ("ALJ Loan Program"), an inter-agency program administered by OPM that allows government officials to "lend" and "borrow" Administrative Law Judges ("ALJs") among different administrative agencies.  OPM violated FOIA—and thwarted the governmental openness mandated by Congress—by refusing to timely respond to, or produce documents responsive to, Professor Cavataro's request.

1

## PARTIES

1. Plaintiff Benjamin L. Cavataro ("Plaintiff" or "Professor Cavataro") is currently an Assistant Professor of Law at Wayne State University Law School, located in Detroit, Michigan.

2. Among other areas, Professor Cavataro teaches and researches in the areas of (i) administrative law and regulation; (ii) torts; and (iii) product liability and consumer protection. His work has been published in the *Utah Law Review*, *George Washington Law Review*, *The JAMA Health Forum*, and *Emory Law Journal*.

3. Professor Cavataro's research projects include an investigation into the ALJ Loan Program, which Congress created in the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq*. By statute, a federal agency that is "occasionally or temporarily … insufficiently staffed" with ALJs may request that OPM select an ALJ "from and with the consent of other agencies" to assist the understaffed agency. 5 U.S.C. § 3344.

4. OPM is a federal agency of the U.S. government as defined under FOIA, 5 U.S.C. § 552(f)(1), with its headquarters located in Washington, D.C.

5. OPM administers the ALJ Loan Program. *See* 5 U.S.C. § 3344; 5 C.F.R. 930.208.

6. Specifically, OPM's Administrative Law Judge Program Office ("ALJPO") is responsible for administration of the ALJ Loan Program.

## JURISDICTION AND WAIVER OF SOVEREIGN IMMUNITY

7. Congress has granted this Court federal subject-matter jurisdiction under FOIA. 5 U.S.C. § 552(a)(4)(B).

8. Congress has also granted this Court jurisdiction under the general "federal question" statute. 28 U.S.C. § 1331.

9. Plaintiff seeks to compel OPM to produce improperly withheld federal "agency records" under FOIA, and thus the claim in this Complaint "arises under" the laws of the United States.

10. Congress consented to FOIA requesters suing federal agencies of the U.S. government to enjoin their withholding of agency records and to order production of agency records improperly withheld from the FOIA requester. 5 U.S.C. § 552(a)(4)(B).

## VENUE

11. Universal venue for FOIA actions is laid in the U.S. District Court for the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff's FOIA request 24-ALJ-0630-F was constructively exhausted by OPM's failure to make a timely determination of Plaintiff's request, as required by FOIA.

13. Despite numerous follow-up communications from Plaintiff, OPM failed to make a timely determination of whether it would comply with Professor Cavataro's request within the FOIA deadline of twenty (20) business days, as required by 5 U.S.C. § 552(a)(6)(A)(i).

14. Despite numerous follow-up communications from Plaintiff, OPM failed to provide Plaintiff with any substantive response to his FOIA request after February 6, 2025.

15. Despite numerous follow-up communications from Plaintiff, OPM failed to satisfy the agency's own response deadline of mid-March 2025 for record production.

## STATEMENTS OF FACTS

*Plaintiff Files the FOIA Request*

16. On June 24, 2024, Professor Cavataro filed a FOIA request with OPM to advance his legal research on the ALJ Loan Program.

17. OPM subsequently assigned the FOIA request tracking number 24-ALJ-0630-F to Plaintiff's request.

18. Plaintiff requested the following records:

ITEM No. 1: All records sent, received, or held by OPM as part of the "canvassing process" for seeking Administrative Law Judge ("ALJ") loans under the ALJ Loan Program.

ITEM No. 2: All records sent, received, or held by OPM reflecting (i) agencies' requests to "borrow" or "lend" an ALJ from another agency under the ALJ Loan Program; or (ii) responses to such requests (including, but not limited to, offers or agreements from an agency to "loan" an ALJ to another agency pursuant to such request).

ITEM No. 3: All records reflecting OPM's determinations of whether an agency's request for a loan under the ALJ Loan Program is "bona fide."

ITEM No. 4: Any organizational chart, staff list, or personnel list for the Administrative Law Judge Program Office ("ALJPO").

ITEM No. 5: An organizational chart or charts sufficient to show the position of ALJPO within OPM.

19. Plaintiff's request specified the following date range for any potentially responsive records: "January 1, 2014, through June 24, 2024."

### *OPM Acknowledges the FOIA Request*

20. On July 2, 2024, OPM sent correspondence to Plaintiff ("OPM Acknowledgement Letter"), acknowledged the request, and assigned it tracking number 24-ALJ-0630-F.

21. The OPM Acknowledgment Letter recognized Plaintiff's status as an "educational or non-commercial scientific institution" requester entitled to a waiver of search and review fees under FOIA.

22. In this same letter, OPM further specified: "[i]f your request seeks numerous documents that will necessitate a wide-ranging search, including searches of multiple program offices and possible consultations with agencies that have a substantial interest in the determination of this request, OPM will invoke a 10 business-day extension for determination of your request."

23. On September 16, 2024, after Plaintiff's follow-up emails, OPM employee Ms. Tiffany Ford wrote: "OPM has begun the search for responsive records[,]" but "it will take some time for the program office to search for and review responsive records." She added: "I have asked the appropriate program office an estimated completion date. As soon as I hear from the program office, I will provide you with an update."

24. On October 28, 2024, after Plaintiff sent further email follow-ups, Ms. Ford wrote: "There are several records that contain other agencies' equities. As part of the review process, OPM will need to consult with the other agencies for their release recommendations and/or redactions of their equities. We are estimating that it will take a couple of months for the other agencies to submit their consultation responses. Subsequently, the estimated completion date for this request is now early December."

25. On December 18, 2024, after further email follow-ups from Plaintiff, OPM employee Ms. Ford wrote: "I spoke with ALJ about this request about a week ago. Since you asked for 10 years of records, it has taken ALJ quite a while to search for responsive records. ALJ has just finished pulling the responsive records and are now reviewing those records for any possible redactions. They hope to send the responsive records to me soon. If you are amenable to receiving interim responses, I believe we can issue an interim response this week for Items 4 and 5 of your request. Please advise if that is acceptable as we continue to process the rest of your request."

26. On December 20, 2024, Ms. Ford sent an email to Plaintiff, which attached (i) a letter that specified OPM was providing "an interim response to your FOIA request" and (ii) two enclosed records responsive to Items 4 and 5 of the FOIA request.

27. The two documents responsive to Items 4 and 5, attached to OPM's December 20, 2024, email, were (i) a list of the names and titles of five ALJPO staff members (with phone numbers and email addresses redacted), and (ii) an OPM organization chart (dated August 16, 2024), showing units and their leaders. The December 2024 letter cites Exemption 6 as a basis for the redactions. The letter states: "OPM continues processing your request for Items 1, 2, and 3. Because this is not a final response to your FOIA request, we ask that you reserve your right to appeal until then. Your appeal rights will be provided in the final response."

28. On January 16, 2025, after Plaintiff sent further email follow-ups, Ms. Ford wrote that ALJPO is "still reviewing the records and it will take awhile for the other agencies to submit their consultation responses" and that the "new completion date is Mid-March."

### *OPM Refuses to Make A Determination on Plaintiff's FOIA Request*

29. Following OPM's January 16, 2025, correspondence, Plaintiff sent further email follow-ups, including specific questions on the status of his FOIA request and whether agency personnel turnover has affected response processing.

30. In an email of February 6, 2025 ("OPM February 2025 Email"), Ms. Ford wrote, in relevant part: "1. The program office has completed its search for responsive documents. *We are reviewing the records for release determination, and determining whether records will need consultation or referral to other agencies*. 2. The program office indicated there are records belonging to 18 other agencies. Each agency will need to review their respective records for release determination. 3. The program office is currently estimating that there are 300 pages of records. They hope to have a more accurate number by the end of this week. 4. OPM anticipates providing its records to you in one batch by mid-March. The records belonging to other agencies will likely be provided on a rolling basis directly by those agencies." Ms. Ford added that OPM staff are "diligently working to have OPM's response to you by mid-March" but "cannot speak to, nor predict, how long it will take for other agencies to respond to a consultation or referral." (emphasis added).

31. The OPM February 2025 Email is the last communication that Plaintiff received from Defendant. OPM failed to continue to produce the responsive documents in its possession on a rolling basis, as it had indicated.

### *OPM Terminates Its FOIA Staff*

32. On February 19, 2025, CNN reported that the Trump administration "fired multiple members of [OPM's] 'privacy team' and other officials from the office that oversees the hiring of federal workers, a move that limits outside access to government records related to the

7

security clearances granted to Elon Musk and his associates, according to multiple sources familiar with the matter."[1]

33. CNN further reported that, in response to a different FOIA requester's request "for records related to the security clearances of Musk and anyone from the Department of Government Efficiency (DOGE)," an OPM email address responded, "[g]ood luck with that [sic] they just got rid of the entire privacy team."[2]

34. CNN further reported that "[i]n addition to the privacy team, members of OPM's communications staff and employees *who handle FOIA requests were also fired*[.]" *Id.* (emphasis added).

### *OPM Refuses to Timely Respond to the FOIA Request and Withholds Records*

35. On February 19, 2025, Plaintiff sent a follow-up email to Ms. Ford, (i) asking for a revised estimate of the volume of responsive records/pages that OPM had promised; (ii) asking whether OPM personnel changes had halted or delayed processing of his request; and (iii) asking whether OPM still estimated production/response by the previously anticipated mid-March timetable.

36. In his February 19, 2025, email, Plaintiff also inquired about the status of any inter-agency consultation or referral and took issue with OPM's claimed characterization of OPM-held records as "belonging to other agencies."

37. OPM never responded to Plaintiff's February 19, 2025, email.

---

[1] Zachary Cohen, *'Good Luck With That.' Trump Administration Terminates Privacy Officials at Agency Overseeing Government Hiring and Firing*, CNN (Feb. 18, 2025).
[2] *Id.*

38. On March 19, 2025, Plaintiff sent another follow-up email to Ms. Ford. Like many prior emails in the chain, Plaintiff copied Ms. Ford's supervisor, Camille C. Aponte-Rossini.

39. Ms. Aponte-Rossini is FOIA Manager and FOIA Public Liaison at OPM.

40. OPM never responded to Plaintiff's March 19, 2025, email.

41. Kirsten J. Moncada was formerly the Executive Director of OPM's Office of the Executive Secretariat and Privacy and Information Management and, in that role, was Ms. Aponte-Rossini's supervisor.

42. On March 27, 2025, Plaintiff emailed Ms. Moncada, seeking her intervention.

43. In response to his March 27, 2025, email, Plaintiff received an automatic bounce-back email reply from Ms. Moncada's account that stated: "Thank you for your message. I am currently on leave from my position and will be retiring from the U.S. Office of Personnel Management. Please visit OPM.gov for a directory of OPM offices and services."

44. As of the date this Complaint was filed, OPM never otherwise responded to Plaintiff's March 27, 2025, email.

45. As of the date this Complaint was filed, OPM has produced no records responsive to Items 1, 2, and 3 of Plaintiff's FOIA request.

46. In its correspondence with Plaintiff, OPM never asserted any "unusual circumstances" within the meaning of FOIA that provided any excuse for any additional 10-day period to comply with FOIA's deadline.

47. In its correspondence with Plaintiff, OPM never requested that Plaintiff modify his FOIA request.

## CLAIMS FOR RELIEF

### COUNT ONE—FAILURE TO MAKE A DETERMINATION AND FAILURE TO TIMELY RESPOND

48.     Plaintiff incorporates the preceding averments as if repeated here. After indicating that a response and document production would be forthcoming, Defendant OPM failed to make a determination regarding Items 1, 2, and 3 of Plaintiff's FOIA request by either "early December" 2024 or "mid-March" 2025, as specified by OPM, and has thus violated the provisions under 5 U.S.C. § 552(a)(6)(E)(ii)(I).

49.     Defendant OPM failed to make a determination regarding Items 1, 2, and 3 of Plaintiff's FOIA request within twenty (20) business days and thus violated the deadline under 5 U.S.C. § 552(a)(6)(A)(i) and 28 C.F.R. § 16.5.

50.     Plaintiff has exhausted or constructively exhausted all applicable administrative remedies with respect to Items 1, 2, 3, 4 and 5 of his FOIA request.  5 U.S.C. § 552(a)(6)(C)(i).

51.     In its December 20, 2024, communication, OPM purported to provide an "interim" and incomplete response to Items 4 and 5 of Plaintiff's FOIA request, but neither provided any further response to Items 4 and 5, nor specified whether the documents produced on December 20 included all records responsive to those items, properly segregated.

52.     OPM failed to provide any response and document production as to Items 1, 2, and 3 of Plaintiff's FOIA request.

53.     OPM's failure to respond to Item 1, 2, and 3 violates FOIA.

54.     OPM also failed to respond to Plaintiff when he disputed OPM's claimed characterization of OPM-held records as "belonging to other agencies," and regardless OPM failed to identify the status of any inter-agency consultation or referral with respect to such records.

## **COUNT TWO—UNLAWFUL WITHHOLDING OF AGENCY RECORDS**

55. Plaintiff incorporates the preceding averments as if repeated here.

56. Defendant OPM failed to produce, and wrongfully withheld, agency records requested by Items 1, 2, and 3 of Plaintiff's FOIA request.

57. To the extent that the two documents produced as an "interim" response to Items 4 and 5 were not a full and complete production of all responsive records, Defendant OPM has also failed to produce, and wrongfully withheld, agency records requested by Items 4 and 5 of Plaintiff's FOIA request.

58. Plaintiff has exhausted or constructively exhausted applicable administrative remedies with respect to OPM's withholding of the requested records. 5 U.S.C. § 552(a)(6)(C)(i).

59. Plaintiff is entitled to declaratory and injunctive relief to compel OPM to release and disclose the requested records.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## **REQUEST FOR RELIEF**

Professor Cavataro requests the following relief from the Court against OPM:

1. A declaration and injunction against OPM's continued withholding of the requested records;

2. An order requiring OPM to produce promptly the records requested in FOIA Request 24-ALJ-0630-F;

3. An order requiring OPM to waive any fees associated with Plaintiff's FOIA request;

4. All attorneys' fees and costs incurred by Plaintiff in connection with his action as provided by FOIA's fee award statute, 5 U.S.C. § 552(a)(4)(E); and

5. All other further relief that this Court may deem appropriate.

Dated June 3, 2025                                                                 Respectfully submitted,

/s/ Tuan N. Samahon
TUAN N. SAMAHON
D.C. Bar No. 475121
Torchlight Advocates, LLC
105 Cornell Avenue
Swarthmore, PA 19081-1931
Tel: +1 (484) 949-5645
tsamahon@torchlightadvocates.com

*Attorney for Plaintiff*